```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA

                                )
LILLY G. FRANCOWIC,             )
            Plaintiff,          )
                                )
       v.                       )    Civil Action No. 04-1147
                                )
JO ANNE B. BARNHART,            )    Judge Cercone
COMMISSIONER, SOCIAL SECURITY   )    Magistrate Judge Hay
ADMINISTRATION,                 )
                                )
            Defendant.          )
```

## REPORT AND RECOMMENDATION

I.  RECOMMENDATION

It is respectfully submitted that the Motion for Summary Judgment filed by Plaintiff [dkt. no. 11] be denied. It is further recommended that the Motion for Summary Judgment filed by the Defendant [dkt. no. 13] be granted and that the decision of the Commissioner denying Plaintiff's application for disability insurance benefits and supplemental security income be affirmed.

II. REPORT

   **A.   Procedural History**

Lilly G. Francowic brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB") under title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-433.

In her application filed on February 7, 2003, Ms. Francowic alleges that she has been disabled since August 8, 2002, due to a broken right foot, nerve damage in the left foot, arthritis, chronic pain, high blood pressure, spurs, and acid reflux disease. (Tr. 98). The state agency denied her application (Tr. 34-37). Thereafter, Ms. Francowic requested a hearing before an Administrative Law Judge ("ALJ").

The case was heard before an ALJ on February 24, 2004 (Tr. 345-67). Ms. Francowic, who was represented by counsel, and Mark Heckman, a vocational expert ("VE"), testified at this hearing (Tr. 345-67). The ALJ concluded in a decision dated February 24, 2004, that Ms. Francowic had the residual functional capacity to perform light work with a sit and stand at will option (Tr. 19-20, 361).

Ms. Francowic requested review of the ALJ's decision by the Appeals Council (Tr. 9-10). The Appeals Council denied her request (Tr. 5). The decision of the ALJ thus became the Commissioner's final decision for purposes of this judicial review.

### B. Factual Background

Ms. Francowic was born on February 9, 1951, and was 53 years old at the time of the ALJ's decision (Tr. 16). Ms. Francowic has a high school education and past relevant work as a school janitor/custodian (Tr. 16).

### C. Medical History

Ms. Francowic fractured the fifth metatarsal of her right foot on May of 1998, and again on August of 1999, for which she underwent open reduction on December 17, 1999, performed by John S. Kirchner, M.D. (Tr. 143).

On October 25, 1999, shortly before her surgery, Jack D. Smith, M.D., an orthopedic surgeon, evaluated Ms. Francowic (Tr. 139-40). Based upon his evaluation, Dr. Smith completed a physical functional capacity assessment form (Tr. 141). On this form, Dr. Smith opined that Ms. Francowic could lift/carry twenty pounds occasionally; stand/walk up to two hours a day; drive one to three hours a day; and sit without any limitations (Tr. 141). He released her to return to light duty work (Tr. 141).

Following surgery, Dr. Kirchner noted on January 20, 2000, that Ms. Francowic was doing well (Tr. 181). On March 23, 2000, Dr. Kirchner opined again that Ms. Francowic was doing well and he was pleased with her progress(Tr. 177-78).

X-rays taken on March 23, 2000, showed that Ms. Francowic's fifth metatarsal fracture was nearly healed (Tr. 176). X-rays performed on September 14, 2000 showed a completely healed fifth metatarsal fracture (Tr. 172). On a prescription note dated January 10, 2002, Dr. Kirchner opined that Ms. Francowic could not lift more than twenty-five pounds, or move furniture (Tr. 171). Ms. Francowic presented for evaluation by

Dr. Kirchner on February 28, 2002 (Tr. 170). Dr. Kirchner noted that Ms. Francowic's fifth metatarsal fracture was well healed (Tr. 170). Ms. Francowic, however, complained of bilateral foot pain only in the morning and at night, after prolonged ambulation (Tr. 170). Dr. Kirchner diagnosed Ms. Francowic with "[b]ilateral plantar fascitis" ("fasciitis"), and prescribed night splints and stretching exercises (Tr. 170). He placed the following restrictions on Ms. Francowic: no lifting of more than twenty pounds; no climbing of ladders or scaffolds; and no pushing/pulling of furniture (Tr. 171).

Dr. Kirchner renewed Ms. Francowic's light duty restrictions upon evaluation on August 8, 2002 (Tr. 168). On a prescription note dated August 21, 2002, Dr. Kirchner authorized Ms. Francowic to be off work for six weeks due to plantar fascial casting (Tr. 166). Upon removal of the fascial cast on August 23, 2002, Dr. Kirchner recommended aggressive physical therapy with night splitting. He released Ms. Francowic from his care, providing her with the name of an orthopedic specialist in her local area (Tr. 165).

On October 7, 2002, Ms. Francowic sought treatment with Michael J. Prayson, M.D., a orthopedic surgeon, for her fasciitis condition (Tr. 164). At that time, Ms. Francowic reported having received conservative treatment, without the use of anti-inflammatory medications (Tr. 164). Dr. Prayson noted that anti-

4

inflammatory medication was "the mainstay of treatment for this condition" which was inappropriate, however, for Ms. Francowic due to her hypertension (Tr. 164).  Hence, Dr. Prayson prescribed a new form of inhibitor medication for Ms. Francowic's fasciitis condition (Tr. 164).

In January 2003, Dr. Hasselman referred Ms. Francowic to Neil A. Braunstein, M.D., whose examination and evaluation determined that she did not have inflammatory arthritis (Tr. 230).

On April 4, 2003, Dilip S. Kar, M.D., completed a physical residual functional capacity assessment on Ms. Francowic after examining the record (Tr. 294-301).  On this form, Dr. Kar reported that Ms. Francowic could occasionally lift/carry twenty pounds; frequently lift ten pounds; stand/walk about six hours in an eight-hour workday; sit about six hours in an eight-hour workday; and push/pull on an unlimited basis
(Tr. 295).

Selim El-Attrache, M.D., an orthopedic specialist, treated Ms. Francowic for foot pain (Tr. 323-42).  In correspondence dated April 21, 2003, Dr. El-Attrache noted that previously Ms. Francowic had been permitted to return to light duty work, which she was unable to secure (Tr. 332).  He opined that Ms. Francowic's right and left foot pain would be treated conservatively (Tr. 332).

### C. Hearing Testimony and ALJ Decision

At the administrative hearing, Ms. Francowic testified that her husband does most of the housework (cooking, cleaning, laundry) (Tr. 352, 356). She indicated that she is in "constant pain around the clock" (Tr. 355). She lies down most of the day to be in a comfortable position (Tr. 355). She reported that she can sit for only 10 to 15 minutes at a time; she can walk only one block (Tr. 355). She testified that she has osteoarthritis in all of her joints and also has fibromyalgia (Tr. 355). She indicated that she has followed the regimen prescribed by her physicians with limited success in reducing her pain (Tr. 358).

The ALJ sought testimony from a VE to determine whether there were jobs in the national economy that an individual with Ms. Francowic's vocational profile could perform (Tr. 360-62). The ALJ asked the VE to consider an individual of Ms. Francowic's age with a similar educational and work background, who is limited to light work, which required a sit and stand at will option (Tr. 360-61). This hypothetical individual would also need to avoid concentrated exposure to cold temperature and humidity extremes (Tr. 361). The VE responded that such an individual could perform the light jobs of coupon redemption clerk, information clerk, and ticket seller, for which there are hundreds of jobs locally and thousands regionally and nationally (Tr. 361).

### D.  Standard of Review

In reviewing the administrative determination by the Commissioner, the question before the court is whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987). Substantial evidence is defined as less than a preponderance and more than a mere scintilla. Perales, 402 U.S. at 402. If supported by substantial evidence, the Commissioner's decision must be affirmed. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

The court may not undertake *de novo* review of the Commissioner's decision or otherwise decide a plaintiff's claim on its own independent findings; the court may not re-weigh the evidence of record. Monsour Medical Center v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986). This court must defer to the Commissioner's decision and affirm it if it is supported by substantial evidence, even if the court would have decided the case differently. Monsour, 806 F.2d at 1190-91.

A five-step process is used to determine disability eligibility, see 20 C.F.R. § 404.1520, but in this case only step

five is in dispute.[1]  At the fifth step, the Commissioner bears the burden of proving that, considering the claimant's residual functional capacity,[2] age, education, and past work experience, he can perform work that exists in significant numbers in the regional or national economy.  42 U.S.C. § 423(d)(2)(A); see also Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Sykes v. Apfel, 228 F.3d 259, 263 (3d Cir. 2000).

### E. Discussion

The Plaintiff argues that the ALJ did not thoroughly evaluate the evidence of record in determining that she retained the residual functional capacity ("RFC") to perform the mild exertional requirements of light work with a sit and stand at will option.  Additionally, she argues that the ALJ erred in finding her subjective complaints of pain less than fully credible.

As noted, the ALJ determined that Ms. Francowic could not do her past work as a school janitor/custodian but retained the RFC to perform light work that provided for a sit and stand

---

[1]   The five-step sequential evaluation process for disability claims requires the Commissioner to consider whether a claimant: (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his past relevant work, and (5) if not, whether he can perform any other work in the national economy.  20 C.F.R. §§ 404.1520, 416.920.

[2]   A claimant's "residual functional capacity" is what he can do despite the limitations caused by his impairments. Fargnoli v. Massanari, 247 F.3d 34, 40 (3d Cir. 2001).

at will option.  In performing this evaluation, the ALJ appears to have evaluated all of the medical evidence as required, <u>see</u> 20 C.F.R. § 404.1546 (2004), contrary to Ms. Francowic's suggestion that the ALJ ignored medical evidence favorable to a determination of disabled.

In our view, the ALJ's disability determination is consistent with treating, specialist, and non-examining physician evidence of record.  Specifically, as of April 2003, Dr. El-Attrache, an orthopedic specialist, noted that Ms. Francowic had previously been released to do light duty work but none was available (Tr. 332).  As well, he indicated that treatment for her pain and discomfort in her right and left feet would be conservative in nature (Tr. 332).  He noted no restrictions or limitations (Tr. 332).  Greater weight is accorded the opinion of a specialist where the opinion of the medical issues in question are related to his area of specialty.  20 C.F.R. § 404. 1527 (d)(5)(2004).

The state agency physician, Dr. Kar, opined that Plaintiff could perform light work (Tr. 294-301).  The ALJ may properly give some weight to state agency medical consultants since they are "highly qualified" physicians and "experts in the evaluation of the medical issues in disability claims under the Act."  <u>See</u> Social Security Ruling 96-6p; 20 C.F.R. § 404.1527(f)(2004).

Ms. Francowic complains that the ALJ failed to accord proper weight to the opinions of her treating physicians. We disagree.

The records of Ms. Francowic's treating/surgical physician, Dr. Kirchner, reflect that post-surgically she did well and that her fracture ultimately healed. Dr. Kirchner released Ms. Francowic to perform light work in January 2002. After she developed the facitis, he restricted activities of lifting and moving or pushing heavy objects and from work outside or on ladders, etc. Although Dr. Kirchner determined that Ms. Francowic was restricted from work in August 2002, pending further investigation, it appears that he ultimately released her to return to work effective September 30, 2002 (Tr. 166).

Dr. Hasselman, another of Ms. Francowic's treating physicians, restricted her from work on October 23, 2002, pending a "complete evaluation" (Tr. 239). Thereafter, Dr. Hasselman referred Ms. Francowic to a rheumatologist to rule out rheumatoid arthritis (Tr. 237-38). The rheumatologist, Dr. Braunstein, found no osteo or rheumatoid arthritis (Tr. 238-231). Thereafter, Dr. Hasselman referred Ms. Francowic to an orthopedist in Pittsburgh, Alan M. Berg, M.D., who planned a course of prednisone (Tr. 235). No further treatment records from Dr. Hasselman are included in the record.

Although both Dr. Kirchner and Dr. Hasselman opined that Ms. Francowic was unable to work, the ALJ properly noted that such opinions were, in the first instance, on an issue reserved to the Commissioner.  20 C.F.R. § 404.1527(e).  Secondly, these opinions were "preliminary" to further evaluations (Tr. 18).  As discussed, further evaluations revealed Ms. Francowic did not have osteo or rheumatoid arthritis.  As well, the orthopedic specialist Ms. Francowic saw most recently noted her treatment would continue to be conservative and he placed no restrictions on her.

The regulations generally require the ALJ to give greater weight to the opinion of a treating physician; they do not require, however, that the opinion be given controlling weight unless it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record."  20 C.F.R. § 404.1527 (d)(2).  See also Jones v. Sullivan, 954 F.2d 125, 128-29 (3d Cir. 1991).  Under Third Circuit case law, the weight given to a treating physician's opinion depends on the extent to which the opinion is supported by medical and clinical findings.  See, e.g., Newhouse v. Heckler, 753 F.2d 283, 286 (3d Cir. 1985).  Here, the ALJ evaluated the evidence of record and properly determined that the medical evidence supported the conclusion that Ms. Francowic could perform light work which

allowed for sitting and standing at will.  Thus, the district court should find that substantial evidence supports the ALJ's decision.

We turn now to Ms. Francowic's argument that the ALJ erred in finding her complaints of pain and limitations as less than fully credible.  The Commissioner evaluates pain symptoms on the basis of medical signs and laboratory findings that could reasonably be expected to produce the symptoms alleged.  20 C.F.R. § 404.1529 (2004).  While a claimant's subjective symptomatology must be considered and can support a finding of disability, the claimant's subjective complaints, without more, do not in themselves constitute disability.  Green v. Schweiker, 749 F.2d 1066, 1071 (3d Cir. 1984).  Subjective complaints must be substantiated by medical evidence, and a claimant must show that she has a condition which reasonably could be expected to produce the alleged symptoms that are the cause of her inability to work.  Id.

It should be noted that the ALJ did credit Ms. Francowic's complaints of pain to the extent that he limited her to the mild exertional requirements of light work with a sit and stand at will option.  The ALJ did determine, however, that her testimony concerning her limitations was not entirely credible (Tr. 17, 20 Finding No. 6).  As noted, she testified that she has "constant pain around the clock" (T. 355) and suffers from

osteoarthritis in all joints.  The evidence of record, however, does not support her disabling pain complaints.  Diagnostic x-rays demonstrated a completely healed right foot in September 2000 (Tr. 172).  Physical therapy was moderately successful, as Ms. Francowic obtained all short-term and most long-term physical therapy goals (Tr. 206-26).  Notably, she was able to heel and toe walk with essentially a normal gait, and did not require the assistance of any ambulatory devices (Tr. 206-26, 238).  Conservative treatment was always prescribed for her pain complaints and continues to be the plan, which appears to undermine her disabling complaints of pain (Tr. 164, 332).  As noted above, Ms. Francowic treated most recently with Dr. El-Attrache, an orthopedic specialist, who did not place any apparent limitations on her.  Hence, the district court should find that substantial evidence supports the ALJ's decision.

Summary judgment is appropriate when there are no disputed material issues of fact, and the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56; <u>Edelman v. Commissioner of Social Sec.</u>, 83 F.3d 68, 70 (3d Cir. 1996).  In the instant case, there are no material factual issues in dispute, and it appears that the ALJ's conclusion is supported by substantial evidence.  For this reason, it is recommended that Plaintiff's motion for summary judgment be denied, that

Defendant's motion for summary judgment be granted, and that the decision of the Commissioner be affirmed.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

                                            Respectfully submitted,

                                            <u>s/ Amy Reynolds Hay</u>
                                            AMY REYNOLDS HAY
                                            United States Magistrate Judge

Dated: 12 September, 2005


cc:   Hon. David S. Cercone
      United States District Judge

      Barbara J. Artuso, Esquire
      Quatrini, Rafferty & Galloway
      560 East Pittsburgh Street
      Greensburg, PA 15601

      Rebecca Ross Haywood
      Assistant United States Attorney
      United States Attorney's Office
      700 Grant Street
      Suite 400
      Pittsburgh, PA 15219